RECEIVED
IN LAKE CHARLES, LA
OCT 10 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20144 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JONATHAN LEE VERNIER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶¶ 14, 28, 36, 39 and 41, which assess two points pursuant to U.S.S.G. §3C1.2. § 3C1.2 provides for a two-level increase in a defendant's offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." "Reckless" refers to a situation in which the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." § 2A1.4, comment. (n.1) (cross-referenced in § 3C1.2, comment. (n.2).).

The applicability of § 3C1.2 is not limited "to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." *United States v. Jimenez*, 323 F.3d 320, 323 (5th Cir.2003); *see also United States v. Villanueva*, 69 F. App'x 657 (5th Cir.2003) (finding that a two-level enhancement under § 3C1.2 was proper where the defendant threw a bag containing

methamphetamine onto a public sidewalk while fleeing from police because anyone, including a child, could have picked up the methamphetamine and ingested it). *United States v. Bardell,* 2008 WL 4410382, 1 (5th Cir., 2008).

The evidence introduced at trial established that Vernier led law enforcement officers on an extended chase in Key West, Florida. In the course of that chase, he forcefully took a motor scooter and bicycle, pushing two women out of the way, in an attempt to avoid capture. Vernier's conduct could have caused serious injury to the women, as well as innocent bystanders. Vernier placed the two women and the bystanders at substantial risk of serious bodily injury as he was determined to avoid capture. This two point assessment is warranted under the facts presented at trial.

Vernier objects to ¶¶ 20, 27, 35, 39 and 41. The Probation Department made revisions consistent with this objection to ¶¶ 20, 27 and 35. ¶¶ 39 and 41 will not change as the offense level is unchanged by these revisions.

The defendant's objection to ¶61 does not require a ruling by the court.

The Probation Department made revisions consistent with Vernier's objection to ¶61. This requires no ruling by the court.

Lake Charles, Louisiana, this __10__ day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE