RECEIVED
IN LAKE CHARLES, LA

SEP 29 2011
         PAP
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20144 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JONATHAN LEE VERNIER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion for Recusal (Rec. Doc. 114) IS DENIED.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for determining impartiality depends on the source of the judge's alleged prejudice. To the extent that a judge has become biased due to facts that she has learned during a judicial proceeding, she must recuse himself only if fair judgment would be impossible. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). If the alleged partiality stems from a source other than a judicial proceeding, a judge must recuse herself if a reasonable person, knowing all of the facts, *would* harbor doubts concerning the judge's impartiality. *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860-61, 108 S.Ct. 2194, 2203, 100 L.Ed.2d 855 (1988); *United States v. Jordan,* 49 F.3d 152, 155 (5th Cir.1995).

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir.2003). Unless a judge's

bias derives from an extrajudicial source or the record demonstrates " 'deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible,' " disqualification for bias is not appropriate. *United States v. Aldridge,* 561 F.3d 759, 764 (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555; *Grover-Tsimi v. Minnesota,* 2010 WL 760400, 2(D.Minn.,2010).

Vernier cites language from proceedings before the undersigned, wherein, in discussing whether or not the defendant could represent himself, I complimented the Assistant Public Defender, Wayne Blanchard, who was representing the defendant. "Compliments in the course of legal proceedings should not ordinarily support a partiality challenge," *Certain Underwriters at Lloyds London v. Oryx Energy Co.,* 944 F.Supp. 566, 568 (S.D.Tex.1996); *Andrade v. Chojnacki,* 338 F.3d 448, 458 (5th Cir. 2003). The allegations in the defendant's motion do not constitute a basis for recusal based upon partiality.

Lake Charles, Louisiana, this 27 day of September, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE